OPINION
Appellant Lester Abele appeals a judgment of the Zanesville Municipal Court issuing a Writ of Restitution to appellees Loren Long and Connie Watton:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN FAILING TO UPHOLD LEASE AGREEMENT, PART "J", TERMINATION.
 II. THE TRIAL COURT ERRED IN EXCLUDING MATERIAL AND RELEVANT EVIDENCE.
 III. THE TRIAL COURT ERRED IN NOT UTILIZING TESTIMONY OF ZANESVILLE CODE ENFORCEMENT OFFICER CONCERNING THE DETERMINATION OF DECISION.
 IV. THE TRIAL COURT ERRED IN NOT SEEKING VERIFICATION OF PLAINTIFF'S TESTIMONY WITH REFERENCE TO PAST TREATMENT FROM ORKIN'S PEST CONTROL.
 V. THE TRIAL COURT ERRED IN NOT ESTABLISHING TERMS AND SCHEDULE WITH CONDITION OF STAY OF EVICTION (EXECUTION).
 VI. THE TRIAL COURT ERRED BY NOT ESTABLISHING TRIAL BY JURY.
Appellees leased residential property to appellant. On February 16, 1998, appellees served appellant with a three-day notice to vacate the premises for non-payment of rent. Appellant thereafter filed an application to escrow his rent in the Zanesville Municipal Court. On March 3, 1998, appellees filed a complaint for forcible entry and detainer.
The case proceeded to bench trial in the Zanesville Municipal Court. The court granted the eviction, and ordered appellant to vacate the premises in ten days.
 I., II., III., IV.
Appellant did not file a precipe with the court reporter, seeking to have a transcript of the trial prepared for purposes of appeal. Accordingly, no transcript of the proceedings is available to this court. The first four Assignments of Error all rely for their validity on a transcript of the hearing before the court. Where portions of the transcript necessary to resolve issues are not part of the record, the Court of Appeals must presume regularity in the proceedings below and affirm. Knapp vs.Edwards Laboratories (1980), 61 Ohio St.2d 197.
Assignments of Error I., II., III., and IV. are overruled.
 V.
Appellant argues that the court erred in failing to establish terms and conditions on a stay of execution of the judgment. This claim is without merit. The trial court established terms of the bond for stay of execution, as appellant was ordered to post a bond of $1,400 as condition of the stay.
Appellant appears to believe that the trial court's ruling is in conflict with information he received from the clerk of the Court of Appeals. However, the record reflects that this court never issued a ruling on the issue of stay.
The fifth Assignment of Error is overruled.
 VI.
Appellant argues that the court erred in denying his right to a trial by jury. Pursuant to R.C. 1923.10, a defendant in a forcible entry and detainer action has a right to a jury trial. However, appellant failed to demand a jury trial in the instant case. Therefore, appellant waived his right to a trial by jury.
The sixth Assignment of Error is overruled.
The judgment of the Zanesville Municipal Court is affirmed.
By: Reader, J., Farmer, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Zanesville Municipal Court is affirmed. Costs to appellant.